## HOAG v. HUNT & a. AND TRUSTEE.

The plaintiff and defendants lived in Massachusetts, and the trustee lived in this State. Before the suit was brought, the defendants made application under the insolvent law of Massachusetts, and assignees were appointed.

*Held,* that the trustee could not be charged.

ASSUMPSIT. The plaintiff and defendants are citizens of Massachusetts, and were so when their dealings commenced with the trustee, who is a citizen of this State. Before the suit was brought, there had been various dealings between the defendants and the trustee; and at the time of the service of the writ upon the trustee, he was indebted to them on account, for purchases of goods, as appeared by his disclosure. The action was not commenced until after the defendants had applied for the benefit of the insolvent laws of Massachusetts, and an assignee had been appointed.

The defendants pleaded in abatement of the writ, that they were not inhabitants of this State, and that no personal service had been made on them within this State, and that the trustee had no property of theirs in his possession, and that their goods and estate were not attached on the plaintiff's writ.

The plaintiff replied, that there was an attachment of the defendant's property in the hands of the trustee, and upon this, issue was joined.

The case was submitted to the Superior Court for decision upon the foregoing facts.

*H. L. Hazelton,* for the plaintiff, referred to *Goodall* v. *Marshall,* 11 N. H. Rep. 95, and to art. 4, § 2, 1st clause, of the Constitution of the United States, which provides that citizens of each State shall be entitled to all the immunities and privileges of citizens in the several States.

*Perley* and *H. H. Bellows,* for the trustee, referred to the case of *Hall* v. *Boardman & Tr.,* 14 N. H. Rep. 38.

GILCHRIST, C. J.* The facts in this case bring it within the

* Perley, J. having been of counsel, did not sit.

principle of the decision in the case of *Hall* v. *Boardman*, above referred to. The plaintiff and the defendants resided in Massachusetts, and the trustee is a citizen of this State. The insolvent law of Massachusetts of 1838, ch. 163, § 5, vests in the assignee all the property of the debtor, both real and personal, " which he could by any way or means have lawfully sold, assigned, or conveyed. And the said assignment shall also vest in the said assignees all debts due to the debtor, and all his rights of action for any goods or estate, real or personal."

It was said by the court, in the case of *Hall* v. *Boardman*, that it being conceded that all the proceedings were regular, " the assignment was thus valid to pass the property in the hands of the person now summoned as trustee, and the moneys collected by him are now payable to the assignees, unless some other right has intervened since the assignment, and which is superior to it."

Whatever debt the trustee owed the defendants, passed by the assignment to the assignees. Consequently the plaintiff has no claim upon the trustee.

*Trustee discharged.*

